HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR WEST,

            Plaintiff,

   v.

BRYAN CHUSHKOFF, DAVID EDWARDS, FREERIC FLEMING, "SPECIAL PROSECUTOR" LAKE, CONNIE BACON, RICHARD MARZANO, DON JOHNSON, CLAIRE PETRICH, DON MEYER, TERRY WILLIS, MARK WILSON, AL CARTER, GRAYS HARBOR COUNTY, PIERCE COUNTY, MAYTOWN SAND AND GRAVEL, LLC., SAM REED, PORT OF TACOMA,

            Defendants.

No. C10-5547-RBL

ORDER GRANTING DEFENDANTS' 12(b) MOTION TO DISMISS.
[Dkt. #16]

THIS MATTER comes before the Court on Defendant Bryan Chushkoff, et al.'s Motion to Dismiss all claims against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Dkt. # 16]. For the following reasons, the motion is GRANTED.

**I.    FACTS**

This action arises from a prior Washington State case brought by Plaintiff Arthur West. The Plaintiff does not identify the court orders that he contests, and does not cite a set of facts from which his claims arise. Nevertheless, he claims injury by Defendants' "wrongful application of the contempt power," which "transform[ed] the process of securing records under [the Washington Public Records Act] RCW 42.56 into a procedural morass." [Pl. West's

ORDER - 1

Complaint, Dkt. #1, at p. 3]. He alleges that the PRA has "become a vehicle of oppression" subjecting him to a "litigious gauntlet of arcane and prejudicial technical procedures." [Dkt. #1, at p. 3]. As a result, West claims he has been "subjected to a culture of prejudice and discrimination . . . that is reminiscent of the social customs of apartheid in South Africa." [Dkt. #1, at p. 4]. West also claims that Defendants have generally violated his constitutional rights. [Reply, Dkt. #17, at p. 5]. Defendants argue under Federal Rules of Civil Procedure 12(b)(1) and (6) that West lacks jurisdiction and fails to state a claim upon which relief can be granted, and therefore that all claims must be dismissed.

## II. DISCUSSION

**A. This Court has no jurisdiction to review decisions made in state court.**

The Plaintiff appears to be contesting certain orders issued by the Washington State Superior Court. Under Federal Rule of Civil Procedure 12(b)(1), a District Court may dismiss a complaint for lack of subject matter jurisdiction. This Court has subject matter jurisdiction over federal claims under 28 U.S.C. §1331. However, it may not review issues already decided by a state court, even if they involve federal issues. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S. Ct. 149, 68 L.Ed. 362 (1923) ("Unless and until [ ] reversed or modified, [a state court order] is an effective and conclusive adjudication."); *See also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 468–87, 103 S. Ct. 1303 (1983) ("United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges alleges that the state court's action was unconstitutional."). This Court lacks jurisdiction to review any Washington State court orders that the Plaintiff contests.

Furthermore, and in any event, West's claims are barred by the doctrine of collateral estoppel, which "precludes a plaintiff from relitigating identical issues by merely 'switching

adversaries.'" *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329, 99 S. Ct. 645, 58 L.Ed.2d 552 (1979). He may not circumvent the adversarial process by filing in federal court a claim already decided by a state court.

**B. Plaintiff West fails to state a claim upon which relief can be granted.**

Plaintiff alleges many vague, unspecified claims involving the Defendants' actions performed in their judicial capacity, the Public Records Act, and his constitutional rights. Under Federal Rule of Civil Procedure 12(b)(6), a District Court may dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. At minimum, a claim must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct., 167 L.Ed.2d 929 (1955). Plaintiff's claims that the Defendants have engaged in a "conspiracy to exercise unlawful powers," and have generally violated his constitutional rights and "also the ancient rights protected under the 9th [sic] Amendment, and established in the Magna Carta" [Complaint, Dkt. #1, at p. 5, 7] are not claims from which relief can be granted, and do not meet *Twombly*'s "plausible" standard.

### III. CONCLUSION

This Court lacks subject matter jurisdiction over Plaintiff's claims, and Plaintiff fails to state a claim upon which relief can be granted. Defendants' Motion to Dismiss all claims under Fed. R. Civ. P. 12(b)(1) and (12)(b)(6) is GRANTED, and Plaintiff's claims are DISMISSED, in their entirety, WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated this 15th day of June, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 3