HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARTHUR WEST,<br>　　　　　　Plaintiff,<br>v.<br>BRUCE AND RHONDA HILYER, et al.,<br>　　　　　　Defendants. | No. 10-05395-RBL |
| ARTHUR WEST,<br>　　　　　　Plaintiff,<br>v.<br>BRYAN CHUSHKOFF, et al.,<br>　　　　　　Defendants. | No. 10-5547-RBL |
| MICHAEL MCCALL and ARTHUR WEST,<br>　　　　　　Plaintiffs,<br>v.<br>INTERCITY TRANSIT, et al.,<br>　　　　　　Defendants. | No. 10-5564-RBL<br><br>ORDER TO SHOW CAUSE |

THIS MATTER comes before the United States District Court, in the Western District of Washington, upon a review of the records of Arthur West's *pro se* litigation in this district. That review suggests that West has committed litigation misconduct by filing many frivolous actions.

ORDER - 1

## I. FRIVOULOUSNESS

Arthur West has filed or joined at least forty-nine cases in Washington state courts. He has been a party to eighteen cases in the Western District of Washington since 1999, four in the last year alone. *See* Appendix A. The vast majority of those cases were dismissed. *See West v. United States Sec'y of Transp. et al*, 06-05516-RBL, Order Granting Def.'s Mot. to Dismiss, Dkt. #59, at p. 4 ("[N]one of the purported bases for subject matter jurisdiction cited in the amended complaint provide even an arguably valid basis for the exercise of jurisdiction over the claims asserted in the amended complaint against the U.S. Army Corps of Engineers."); *West v. United States Sec'y of Defense et al*, 07-5580-RBL, Order Granting Def.'s Mot. to Dismiss., Dkt. #41, at p. 11 ("Plaintiff produces no evidence beyond his bare allegations"); *West v. Johnson et al*, 08-5741-RJB, Order Granting Def.'s Mot. to Dismiss, Dkt. #114, at p. 6 ("Plaintiff's 'everything but the kitchen sink' approach leaves the [defendants] to guess which violation each is alleged to be responsible for"); *West v. Thurston County of et al*, 99-05913-FDB-JKA, Dkt. #15, at p. 3 ("Plaintiff's Complaint is conclusory and sets forth no facts or law which would support his claim against *any* of the named Defendants" (emphasis in original)); and *West et al v. Weyerhaeuser Co. et al*, 08-00687-RSM, Order of Dismissal, Dkt. #48, at p. 1 ("The complaint is difficult to decipher").

West is also subject to an order issued by Judge Benjamin Settle of this District, barring West from further legal action against any state or federal judge, any commissioner or employee of Thurston County, Thurston County itself, any commissioner or employee of King County, King County itself, and the Patterson Buchanan law firm. *See West v. Maxwell*, 10-5275-BHS, Bar Order, Dkt.# 59, at p. 19–20. Judge Settle found that West's litigation was "frivolous and harassing" and that West himself is a "vexatious litigant." *Id.* at 11.

West's complaints rarely articulate a cognizable injury. Instead, West appears to use these pleadings to vent outlandish frustrations with state and federal authority. *See West v. Chushkoff et al.*, no. 10-5547-RBL, West's Complaint, Dkt. #1, at p. 4 ("[West] is subjected to a culture of prejudice and discrimination against citizens in the Courts that is reminiscent of the social customs of apartheid in South Africa." ); *West v. Hilyer et al.*, no. 10-05395-RBL, West's Reply, Dkt. #45, at p. 5 ("West has been and continues to be damaged by costs incurred in discovering and responding to the takeover of democratic government perpetrated under false color of law by the AWC and its unholy brethren [sic] of darkness"); and *McCall v. Intercity Transit et al.*, no. 10-5564-RBL, West's Resp. and Decl., Dkt. #34, at p. 2 (claiming injury from Intercity Transit's "scorched earth and extortionate attorney tactics").

Furthermore, West rarely, if ever, makes claims supported by fact or law. *See West v. Chushkoff et al* (accusing the AWC of "racketeering" under the Racketeer Influence and Corrupt Organizations Act, 18 U.S.C. §1962, without any facts to support a claim under RICO or fraud of any kind); *West v. Hilyer et al* (attempting to sue the judge and defendants of a prior state court action, for conspiring and colluding against him resulting in unfavorable court rulings); and *McCall v. Intercity Transit et al* (joining a lawsuit, the underlying action of which he had no personal knowledge).

## II. AUTHORITY

Litigation misconduct is sanctionable under General Rule 3(d) and Fed. R. Civ. P. 11. *See Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The Court has authority under Local General Rule 3(d) to sanction a party who "presents to the court unnecessary motions or unwarranted opposition . . . or who otherwise so multiplies or obstructs the proceedings in a case as to increase the cost thereof unreasonably and vexatiously." GR 3(d). Rule 11 also provides a

basis for sanctions where "a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997).

Sanctions that may be imposed under GR 3(d) or Fed. R. Civ. P. 11 include imposing a standing bar order that limits the plaintiff's ability to file future actions. "District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissma v. Quail Lodge*, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999). These orders "may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." *Id.*

### III. PROPOSED SANCTIONS

In light of the foregoing, Arthur West shall be given an opportunity to respond and show cause why a standing bar order should not be imposed against him. It is therefore ORDERED that:

(1) Within fifteen days from the date of this Order, Plaintiff West shall show cause as to why sanctions should not be imposed;

(2) In an attempt to prevent further instances of litigation misconduct by West while this matter is resolved, until further order of the Court, any *pro se* complaints/petitions submitted by West for filing in this district shall be subject to review by the undersigned prior to issuance of summons or service of process. *See* 28 U.S.C. § 1651; and

(3) All motions currently pending are hereby stayed until further order of the Court.

The Clerk of Court is directed to send a copy of this Order to Plaintiff Arthur West.

**IT IS SO ORDERED.**

Dated this 7th day of July, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 5